IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **E.R. ENTERPRISES, LLC**    ) | |
| ) | Civil Action No.:   24-11348 |
| Plaintiff,    ) | |
| ) | |
| ) | |
| v.    ) | |
| ) | |
| **SAVR RESTAURANT LLC**    ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant.    ) | |

## COMPLAINT

Plaintiff **E.R. ENTERPRISES, LLC** ("Plaintiff") brings this action against Defendant **SAVR RESTAURANT LLC** ("Defendant") and for its Complaint alleges as follows:

### THE PARTIES

1. Plaintiff is a Massachusetts Limited Liability Company having its principal place of business at 180 Lincoln St, Boston, MA 02111. Plaintiff owns and operates a restaurant, bar, and lounge under its "SAVVOR" trademark.

2. Upon information and belief, Defendant is a Massachusetts Limited Liability Company with a place of business at 150 Seaport Blvd, Boston, MA 02210. In violation of Plaintiff's trademark rights, Defendant promotes, advertises, and operates a restaurant under the mark "SAVR."

### JURISDICTION AND VENUE

3. This action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and Massachusetts law. This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and

28 U.S.C. § 1338(a). This Court has supplemental jurisdiction over Plaintiff's Massachusetts law claims under 28 U.S.C. § 1367, because those claims are substantially related to Plaintiff's federal claims.

4. The Court has personal jurisdiction over Defendant because Defendant operates a place of business in this district. Specifically, Plaintiff operates its Restaurant, **Savvor Restaurant and Lounge** at 180 Lincoln St, Boston, MA 02111. Additionally, a substantial portion of the conduct that is the subject of this action occurred in this District. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

5. Plaintiff has engaged in substantial advertising and promotion of its "SAVVOR" brand since at least 2012. Plaintiff has expended substantial sums of money and time to advertise and promote its services under its SAVVOR trademark.

6. Plaintiff provides in commerce, inter alia, services related to dining and restaurant services, as demonstrated by Plaintiff's website https://www.savvorbostonlounge.com/. A true and accurate screenshot of Plaintiff's website is below:



7. Despite Plaintiff's established rights in Plaintiff's trademark and after Plaintiff established those rights, Defendant commenced use of the mark "SAVVOR" in connection with its own restaurant services in 2022, nearly a *decade* after Plaintiff's first use of the mark.

8. On October 11, 2023, Defendant filed trademark application Serial No. 98219491 to register the design mark **SAVR** in International Class 043 for "Restaurant". A copy of application Serial No. 98219491 is attached hereto as **Exhibit A.**

9. The "SAVR" mark is used by Defendant in connection with a restaurant, as demonstrated by Defendant's website, https://savrtm.com/. A true and accurate screenshot of Plaintiff's

3

website is below:



10. Defendant's use of "SAVVOR" in connection with restaurant services is likely to cause and has caused confusion, mistake, or deception as to the source of Defendant's services and as to the affiliation, connection, and association between Defendant and Defendant's services, on the one hand, and Plaintiff, Plaintiff's trademark, and Plaintiff's services, on the other hand.

## COUNT I

### Federal Trademark Infringement Under 15 U.S.C. § 1125

11. Plaintiff incorporates the allegations contained in Paragraphs 1-10 of the Complaint as though fully set forth herein.

12. Plaintiff owns a state trademark for "SAVVOR". A copy of the Registration - No. 93464 is attached hereto as **Exhibit B.**

13. Plaintiff's trademark is distinctive and was so prior to Defendant's acts complained of in this Complaint.

4

14. Defendant's unauthorized use of "SAVR" constitutes trademark infringement and unfair competition because such conduct is likely to cause and has caused confusion, mistake, and deception as to the source of Defendant's services and the affiliation, connection, and association between Defendant and Defendant's services, on the one hand, and Plaintiff and Plaintiff's services, on the other hand.

15. As a direct and proximate result of Defendant's wrongful conduct, Defendant has caused Plaintiff irreparable harm and injury.

## COUNT II

### Federal Unfair Competition

16. Plaintiff incorporates the allegations contained in Paragraphs 1-15 of the Complaint as though fully set forth herein.

17. Defendant has used, and continues to use, its "SAVR" mark in interstate commerce, which is likely to cause and has caused confusion, mistake, and/or to deceive as to the affiliation, connection, and association of Defendant with Plaintiff, the origin of Defendant's services, and the endorsement, sponsorship, or approval of Defendant's services by Plaintiff in violation of 15 U.S.C. § 1125(a).

18. Plaintiff has suffered damages as a direct and proximate result of Defendant's conduct in advertising, promoting, and operating its "SAVR" restaurant services in a manner which has created the impression that it is affiliated with or a variation of Plaintiff's "SAVVOR" restaurant. Such damages include lost sales, confusion, and deception of the trade and purchasing public, incalculable injury to Plaintiff's goodwill and business reputation for which Plaintiff has no adequate remedy at law, and the expenditure of attorneys' fees.

## COUNT III

### State Common Law Trademark Infringement

19. Plaintiff incorporates the allegations contained in Paragraphs 1-18 of the Complaint as though fully stated herein.

20. The acts of Defendant complained of herein constitute common law trademark infringement and unfair competition in violation of the laws in the states in which Defendant is conducting business, including the Commonwealth of Massachusetts.

21. The acts of Defendant have caused and will continue to cause irreparable injury to Plaintiff.

## COUNT IV

### Unfair and Deceptive Trade Practices and Unfair Methods of Competition in Violation of M.G.L. c. 93A

22. Plaintiff incorporates the allegations contained in Paragraphs 1-21 of the Complaint as though fully stated herein.

23. Defendant is engaged in trade or commerce for the purposes of M.G.L. c. 93A §§2 and 11.

24. Defendant's actions complained of herein constitute unfair and deceptive trade practices in violation of M.G.L. c. 93A §§ 2 and 11. Upon information and belief, Defendant's actions have caused consumer confusion as to the source and sponsorship of Defendant's goods.

25. As a direct result of the foregoing acts, Defendant has unlawfully derived and will continue to derive income, profits, and ever-increasing goodwill from its activities, causing Plaintiff irreparable injury.

26. Defendant's unfair and deceptive acts occurred primarily and substantially in the Commonwealth of Massachusetts because its wrongful conduct was primarily directed toward Plaintiff, a resident of Massachusetts. The substantial harm its actions have caused to

Plaintiff occurred in Massachusetts. Defendant's continuing actions have also allowed it to unfairly profit from consumers in Massachusetts.

## COUNT V

## Unfair Competition in Violation of the Common Law

27. Plaintiff incorporates the allegations contained in Paragraphs 1-27 of the Complaint as though fully stated herein.

28. Defendant's unfair competition, including acts of infringement, dilution, and replication of the likeness and appearance of Plaintiff's mark, as alleged herein, violate its common law duty not to engage in unfair competition. These actions were willful and intentional and have caused Plaintiff irreparable harm.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following:

(a) An order granting judgment for Plaintiff against Defendant on the foregoing claims, including that Defendant has engaged in unfair competition under § 43 of the Lanham Act; infringed Plaintiff's trademarks under 43 of the Lanham Act; engaged in unfair and deceptive trade practices under M.G.L. c. 93A and Massachusetts common law; and infringed Plaintiff's trademarks under common law.

(b) That Defendant, its partners, agents, servants, employees, attorneys, successors, assigns, related companies, and those acting in concert with them and/or any of them, be preliminarily and permanently enjoined and restrained from using in connection with the promotion, advertising, offering, or rendering of restaurant services, any name or mark including Defendant's "SAVR" mark, or any mark confusingly similar to Plaintiff's "SAVVOR" or related marks;

(c) That Defendant, its partners, agents, servants, employees, attorneys, successors, assigns, related companies, and those acting in concert with them and/or any of them, be required to deliver to the Court for destruction, or to show proof of said destruction, of any and all displays, signs, circulars, promotional materials, advertisements, directories, pamphlets, and other materials in Defendant's possession, custody, or control which bear or depict Defendant's "SAVR" mark, or any mark confusingly similar to Plaintiff's "SAVVOR" mark which is used in connection with the offering of restaurant services, as well as all plates, molds, casts, and other means of reproducing, counterfeiting, copying, or otherwise imitating Plaintiff's "SAVVOR" mark, or any mark confusingly similar thereto in association with the offering of such services;

(d) That Defendant be ordered to surrender to the United States Patent and Trademark Office and to abandon Defendant's Trademark Application Serial No. 98219491 for the design mark "SAVVOR";

(e) That Defendant be prohibited from filing any future Trademark Applications within the Commonwealth of Massachusetts or with the United States Patent and Trademark Office for any variations of the word or design mark consisting of the marks "SAVR" or "SAVVOR" in connection with restaurant, bar, or food services;

(f) That Defendant be ordered to file with this Court and to serve upon Plaintiff, within thirty days after the entry of an injunction, a report in writing and under oath setting forth in detail the manner in which Defendant has complied with the injunction;

(g) That, pursuant to 15 U.S.C. § 1117(a), Plaintiff be awarded its damages and that the award of those damages be increased three times;

(h) That, pursuant to 15 U.S.C. § 1117(a), Plaintiff be awarded an accounting of Defendant's profits and that the award of those profits be increased at least three times;

(i) That, pursuant to 15 U.S.C. § 1117(a), Plaintiff be awarded its reasonable attorney fees; and

(j) That Plaintiff be awarded such other and further relief as the Court may deem appropriate pursuant to the facts and the principles of equity.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all the issues so triable in this action.

Respectfully submitted,

Dated: May 21, 2024 **E.R. ENTERPRISES, LLC**

By its Attorney:

_____
Chanise Anderson
BBO: 694924
MARKSETGO LAW, P.C.
101 Federal Street, Suite 1900
Boston, MA 02110
833-627-5738
Chanise@marksetgolaw.com

Attorney for Plaintiff,
**E.R. ENTERPRISES, LLC**

9