UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| E.R. ENTERPRISES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SAVR RESTAURANT LLC,<br><br>    Defendant. | Civil Action No. 24-11348 |

## ANSWER AND COUNTERCLAIM

Defendant, SAVR Restaurant LLC d/b/a SAVR Spirited American Bistro ("Defendant"), hereby responds to Plaintiff's Complaint by corresponding paragraph as follows:

1. Defendant does not have knowledge or information sufficient to admit or deny the allegations of this paragraph.

2. Defendant admits that it is a Massachusetts Limited Liability Company with a place of business located at 150 Seaport Boulevard, Boston, Massachusetts 02210, but denies the remaining allegations in this paragraph.

3. Denied.

4. Denied.

5. Defendant does not have knowledge or information sufficient to admit or deny the allegations of this paragraph.

6. Defendant does not have knowledge or information sufficient to admit or deny the allegations of this paragraph.

7. Denied.

8. Admitted.

1

9. Admitted.

10. Denied.

**COUNT I**
**Federal Trademark Infringement Under 15 U.S.C. § 1125**

11. No answer is required. To the extent an answer is required to this paragraph, Defendant denies the allegations of this paragraph.

12. Defendant does not have knowledge or information sufficient to admit or deny the allegations of this paragraph.

13. Denied.

14. Denied.

15. Denied.

**COUNT II**
**Federal Unfair Competition**

16. No answer is required. To the extent an answer is required to this paragraph, Defendant denies the allegations of this paragraph.

17. Denied.

18. Denied.

**COUNT III**
**State Common Law Trademark Infringement**

19. No answer is required. To the extent an answer is required to this paragraph, Defendant denies the allegations of this paragraph.

20. Denied.

21. Denied.

## COUNT IV
### Unfair and Deceptive Trade Practices and Unfair Methods of Competition in Violation of M.G.L. c. 93A

22.     No answer is required. To the extent an answer is required to this paragraph, Defendant denies the allegations of this paragraph.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

## COUNT V
### Federal Unfair Competition

27.     No answer is required. To the extent an answer is required to this paragraph, Defendant denies the allegations of this paragraph.

28. Denied.

Further answering, Defendant denies every unnumbered paragraph and heading of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.      Plaintiff fails to state a claim upon which relief can be granted and all claims against Third-Party Defendant should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

2.      Plaintiff's claims must be dismissed because this Court lacks subject matter jurisdiction over Defendant pursuant to Mass. R. Civ. P. 12(b)(1).

3.      Plaintiff's claims must be dismissed because this Court lacks personal jurisdiction over Defendant pursuant to Mass. R. Civ. P. 12(b)(2).

4.      Plaintiff's claims are barred by any applicable statute of limitations.

5.      Plaintiff's claims are barred by the statute of repose.

6. Plaintiff's claims are barred due to waiver.

7. Plaintiff's claims are barred by laches.

8. Plaintiff's claims are barred by estoppel.

9. Plaintiff's alleged trademark is not a valid or enforceable trademark under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

10. Plaintiff is barred from obtaining the relief it seeks because it lacks a protectable interest or ownership in the name or word "SAVVOR".

11. Defendant's use of the name "SAVR" is distinctly different from, and not confusingly similar to, Plaintiff's use of its alleged mark "SAVVOR".

12. Plaintiff is barred from obtaining the relief it seeks because the Defendant's use of "SAVR Spirited American Bistro is not likely to cause confusion, deception, or mistake among customers as to the source, association or affiliation of its goods and services to the extent it refers to a restaurant.

13. Plaintiff's claims fail because it is not the named owner of the alleged trademark at issue.

14. Plaintiff's claims are barred by the doctrine of fair use.

15. Plaintiff has not suffered any damages or loss under any of its causes of action.

16. If Plaintiff suffered any injury or damages as alleged in the Complaint, which is expressly denied, then those damages were caused by Plaintiff's own acts or omissions.

17. Plaintiff's claims are barred because it has failed to show that any conduct, acts, or omissions attributable to Defendant has caused or resulted in any actual damages to Plaintiff.

18. Plaintiff's claims are barred by reason of Defendant's counterclaims.

19. Plaintiff's claims are barred from recovery, or any recovery must be reduced, because Plaintiff unreasonably failed to mitigate its alleged damages, fees, expenses, or costs.

20. Defendant denies every material allegation of the Complaint except as specifically admitted.

21. Defendant states that it has not knowingly or intentionally waived any applicable Affirmative Defenses. Defendant reserves the right to assert and to rely upon other defenses as they may become available, apparent, or raised during discovery and to amend its Answer and/or Affirmative Defenses accordingly.

## COUNTERCLAIM

### PARTIES

1. Plaintiff-in-Counterclaim, SAVR Restaurant LLC d/b/a SAVR Spirited American Bistro ("SAVR Spirited American Bistro"), is a Massachusetts Limited Liability Company with a principal place of business located at 150 Seaport Boulevard, Boston, Massachusetts 02110.

2. Defendant-in-Counterclaim, E.R. Enterprises, LLC, is a Massachusetts Limited Liability Company with a principal place of business located at 180 Lincoln Street, Boston, Massachusetts 02111.

### JURISDICTION

3. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1338 and 1367(a).

### FACTS

4. E.R. Enterprises does not have a registered trademark with the United States Patent and Trademark Office ("USPTO") for the alleged mark "SAVVOR". Indeed, its attempt to register the mark "SAVVOR" for restaurant services in Class 43 was <u>rejected</u> by the USPTO.

5. E.R. Enterprises initially filed a trademark application with the USPTO on August 29, 2022, for "Sauces" in Class 30 under Section 1(b) (intent-to-use) and "Bar services; Restaurant services" in Class 43 under Section 1(a) (in use) of the Act.

6. E.R. Enterprises's service mark application for "Bar services; Restaurant services" in Class 43 was rejected by the USPTO on June 15, 2023, because, among other reasons, its "SAVVOR" mark created a likelihood of confusion with other existing trademarks, including another owner's registered trademark "SAVOR".

7. On or about October 5, 2023, the USPTO's trademark examiner deleted E.R. Enterprises's application for a Class 43 trademark, i.e., its trademark for "Bar services; Restaurant services". E.R. Enterprises continued to pursue its "SAVVOR" trademark for the Class 30 category for "Sauces."

8. E.R. Enterprises's application for "SAVVOR for sauces under Class 30 has not to date been registered but is still only pending.

9. SAVR Spirited American Bistro does not market or sell sauces under the mark "SAVR" (other than what may be served on food prepared and consumed in its restaurant) or "SAVVOR", nor does it intend to.

10. SAVR Spirited American Bistro registered a service mark "SAVR Spirited American Bistro" in Class 43 for "bar and restaurant services" with the Commonwealth of Massachusetts on or about March 28, 2024.

11. On or about February 20, 2024, E.R. Enterprises registered a Massachusetts Trademark/Service Mark for "SAVVOR" based upon a Trademark/Service Mark Application it filed that is fatally flawed due to the applicant's failure to disclose material information of which it was aware and for other inaccurate and erroneous information contained in the Application.

12. For example question 10 on the Massachusetts Trademark/Service Mark Application asks: "Has the Applicant…filed an application for the same mark or portions of the same mark with the U.S. Patent and Trademark Office?

13. E.R. Enterprises answered "No" to question 10.

14. E.R. Enterprises's answer to question 10 was intentionally misleading and erroneous and failed to disclose material information bearing on "SAVVOR"'s registrability as a Trademark/Service Mark.

15. On or about June 15, 2023, eight months before E.R. Enterprises filed its flawed Massachusetts Application, the U.S. Patent and Trademark Office refused E.R. Enterprises federal trademark/Sericice Mark registration for the very same mark "SAVVOR".

16. Had E.R. Enterprises answered "Yes" – which is the accurate and truthful answer - to question 10 on the Massachusetts Application, it would have been required to reveal to the Commonwealth that the USPTO had previously refused to register the mark "SAVVOR" because the mark is confusingly similar to a registered service mark owned by someone else, information that, if it had been revealed, would possibly be fatal to the mark's registrability in Massachusetts.

17. Additionally, E.R. Enterprises Massachusetts registration Application for "SAVVOR" stated that SAVVOR's goods and services fall in Class 42, a class designated for "computer and scientific services", services which have nothing to do with restaurant services.

18. As a result of these intentional and material flaws in its Massachusetts Trademark/Service Mark application, E.R. Enterprises Massachusetts Trademark/Service Mark registration for "SAVVOR" should be cancelled.

19. E.R. Enterprises has to date not produced any evidence that its alleged mark has been confused with SAVR Spirited American Bistro's mark.

20. E.R. Enterprises has to date not produced any evidence that its alleged mark has caused it any damages as a result of SAVR Spirited American Bistro's mark.

<u>**COUNTERCLAIM – COUNT I**</u>
**Declaratory Judgment – Noninfringement**

21. SAVR Spirited American Bistro repeats, realleges, and incorporates by reference the allegations in the preceding paragraphs as though full set forth herein.

22. As stated in Plaintiff's Complaint, E.R. Enterprises alleges that SAVR Spirited American Bistro has infringed upon its unregistered trademark "SAVVOR" in connection with restaurant services that is "likely to cause and has caused confusion, mistake, or deception." Pl.'s Compl. ¶ 10. SAVR Spirited American Bistro is an American-style bistro restaurant located in the Seaport area of Boston that opened in 2023.

23. E.R. Enterprises operates a restaurant in the Leather District area of Boston that sells "Soul Food and American Southern Cuisine…with Caribbean influences" . *See* Pl.'s website (https://www.savvorbostonlounge.com/about) (last accessed on June 18, 2024).

24. SAVR Spirited American Bistro mark features the word "SAVR" in distinctive custom font design with a line through the middle of each letter along with the phrase "Spirited American Bistro" in Nimbus Sans font written underneath.

25. The name "SAVR" is an acronym, derived from the first letters the names of each of the SAVR Spirited American Bistro owners' children:

> **S** – Soleil & Stone
> **A** – Alanna
> **V** – Vivian
> **R**– Rhea

8

26. E.R. Enterprises alleged mark includes the word "SAVVOR" in standard sans serif font and the phrase "Restaurant & Lounge" also in standard sans serif font written underneath.

27. Upon information and belief, E.R. Enterprises operates as a club with dancing and music at night.

28. SAVR Spirited American Bistro requests that this Court declares the following:

   a. That SAVR Spirited American Bistro's use of the trade name "SAVR" in connection with its restaurant is not confusingly similar to E.R. Enterprises's alleged trademark;

   b. That SAVR Spirited American Bistro has not infringed upon Plaintiff's alleged trademark "SAVVOR" under federal or Massachusetts statutory or common law;

   c. That E.R. Enterprises has no exclusive right or interest in the mark "SAVVOR" in connection with restaurant services under the laws of the United States;

   d. That E.R. Enterprises alleged service mark "SAVVOR" registered with Massachusetts is void and should be cancelled because E.R. Enterprises failed to disclose material information bearing on the registrability of the mark and because the mark was improperly classified in "Class 42" (computer and scientific services); and

   e. That SAVR Spirited American Bistro and E.R. Enterprises may continue to use their respective trade names in their businesses in this District and beyond.

29. SAVR Spirited American Bistro further requests that this Court grant it reasonable attorney's fees and costs for having to defend this action.

**COUNTERCLAIM – COUNT II**
**Unfair Competition**

30. SAVR Spirited American Bistro repeats, realleges, and incorporates by reference the allegations in the preceding paragraphs as though full set forth herein.

31. Based upon the conduct described above, and by initiating this action, E.R. Enterprises has engaged in unfair competition in an attempt to unreasonably restrict legitimate competition.

32. E.R. Enterprises has alleged false and malicious conduct with full knowledge that no such conduct has taken place, solely with the intent of restraining competition and trade and forcing SAVR to incur substantial and unnecessary legal fees and costs.

33. SAVR Spirited American Bistro has and will suffer damages from E.R. Enterprises's conduct.

## COUNTERCLAIM – COUNT III
### Violation of the Massachusetts Consumer Protection Act – G.L. c. 93A, § 11

34. SAVR Spirited American Bistro repeats, realleges, and incorporates by reference the allegations in the preceding paragraphs as though full set forth herein.

35. E.R. Enterprises is engaged in trade or commerce in the Commonwealth of Massachusetts so as to come within jurisdiction of the Massachusetts General Law Chapter 93A.

36. Pursuant to G.L. c. 93A, § 11, "Any person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real or personal, as a result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice declared unlawful by section two or by any rule or regulation issues under paragraph (c) of section two…"

37. E.R. Enterprises's conduct, as described above, constitutes willful and knowing violations of G.L. c. 93A, § 11. Those violations include, without limitation, filing this lawsuit in bad faith knowing that there has been no confusingly similar or directly competitive use of E.R. Enterprises's alleged mark, nor any customer confusion or acts of infringement. Plaintiff's

conduct is unduly and unfairly competitive, given the time, money and effort that SAVR Spirited American Bistro has spent to develop its business and establish its brand.

38. As a direct and proximate result of these unlawful actions, SAVR Spirited American Bistro has suffered and continues to suffer, direct, indirect, consequential, and incidental damages.

39. SAVR Spirited American Bistro is entitled to treble damages and reasonable attorneys' fees, costs and interest in an amount to be determined at trial.

WHEREFORE, SAVR Spirited American Bistro respectfully requests that the Court enter the following relief:

  a. Enter judgment in favor of Defendant/Plaintiff-in-Counterclaim SAVR Spirited American Bistro and against Plaintiff/Defendant-in-Counterclaim E.R. Enterprises;

  b. Declare: a) That SAVR Spirited American Bistro 's use of the trade name "SAVR" in connection with its restaurant is not confusingly similar to E.R. Enterprises's alleged trademark; b) That SAVR Spirited American Bistro has not infringed upon Plaintiff's alleged trademark "SAVVOR" under federal or Massachusetts statutory or common law; c) That E.R. Enterprises has no exclusive right or interest in the mark "SAVVOR" in connection with restaurant services under the laws of the United States or Massachusetts; d) That E.R. Enterprises alleged Massachusetts service mark is void and its registration should be cancelled because E.R. Enterprises intentionally and untruthfully failed to disclose material information bearing on the registrability of the mark in its Massachusetts registration Application, and because the service described in the Application registration is improperly classified under "Class 42" (computer and scientific services); and e) That SAVR Spirited American Bistro and E.R. Enterprises can continue to use their respective trade names in their businesses in this District and beyond.

  c. Find that E.R. Enterprises engaged in unfair competition.

  d. Find that E.R. Enterprises's conduct was a violation of Chapter 93A.

  e. Find that E.R. Enterprises's actions were willful and knowing violations of Chapter 93A.

f.  Award money damages, plus interest, costs, and attorneys' fees to SAVR Spirited American Bistro.

g.  Award G.L. c. 93A damages, including an award of double or treble SAVR Spirited American Bistro actual damages, and an award of its reasonable attorneys' fees, litigation expenses and costs; and

h.  Award such other and further relief as this Court may deem just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS**

>Respectfully submitted,
>
>The Defendant/Plaintiff-in-Counterclaim,
>
>SAVR RESTAURANT LLC d/b/a SAVR SPIRITED AMERICAN BISTRO,
>
>By its attorneys,
>
>_/s/Thomas D. Herman_
>Thomas D. Herman, B.B.O No.: 231740
>Vincent N. DePalo, B.B.O. No.: 689090
>Smith Duggan Cornell & Gollub LLP
>101 Arch Street, Suite 1100
>Boston, Massachusetts 02110
>(617) 228-4464
>therman@smithduggan.com
>vincent.depalo@smithduggan.com

Dated: June 21, 2024

## **CERTIFICATE OF SERVICE**

    I, Thomas D. Herman, attorney for the defendant SAVR Restaurant LLC, hereby certify that on the 21st day of June, 2024, a true copy of the foregoing was served via electronic delivery, directed to all counsel of record.

                                                       /s/ Thomas D. Herman