IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **E.R. ENTERPRISES, LLC** ) | |
| ) | Civil Action No.:   1:24-cv-11348-LTS |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| **SAVR RESTAURANT LLC** ) | |
| ) | Hon. Leo T. Sorokin |
| ) | |
| **Defendant.** ) | |

## REPLY AND AFFIRMATIVE DEFENSES OF PLAINTIFF E.R. ENTERPRISES, LLC TO COUNTERCLAIMS OF DEFENDANT SAVR RESTAURANT LLC

Plaintiff and Defendant-in-Counterclaim, **E.R. ENTERPRISES, LLC** ("E.R."), responds to the Counterclaims filed on June 21, 2024 by Defendant and Plaintiff-in-Counterclaim, **SAVR RESTAURANT LLC** ("SAVR"), by answering the specific numbered paragraphs as follows:

### PARTIES

1. E.R. does not have knowledge or information sufficient to admit or deny the allegations of this paragraph.
2. Admitted.

### JURISDICTION

3. This paragraph states a conclusion of law and, therefore, no response on the part of E.R. is required. However, E.R. does not dispute that this Court has jurisdiction over this matter.

1

## FACTS

4. Admitted.
5. Admitted.
6. E.R. denies the allegations contained in paragraph 7 of the Counterclaims.
7. Admitted.
8. Admitted.
9. E.R. does not have knowledge or information sufficient to admit or deny the allegations of this paragraph.
10. E.R. does not have knowledge or information sufficient to admit or deny the allegations of this paragraph.
11. E.R. denies the allegations contained in paragraph 11 of the Counterclaims.
12. Paragraph 12 contains allegations to which no response is required. To the extent a response is required, The E.R. denies the allegations contained in paragraph 12 of the Counterclaims.
13. Paragraph 13 contains allegations to which no response is required. To the extent a response is required, The E.R. denies the allegations contained in paragraph 13 of the Counterclaims.
14. E.R. denies the allegations contained in paragraph 14 of the Counterclaims.
15. E.R. denies the allegations contained in paragraph 15 of the Counterclaims.
16. E.R. denies the allegations contained in paragraph 16 of the Counterclaims.
17. E.R. denies the allegations contained in paragraph 17 of the Counterclaims.
18. E.R. denies the allegations contained in paragraph 18 of the Counterclaims.
19. E.R. denies the allegations contained in paragraph 19 of the Counterclaims.
20. E.R. denies the allegations contained in paragraph 20 of the Counterclaims.

## COUNTERCLAIM – COUNT I
### Declaratory Judgment – Noninfringement

21. E.R. restates and incorporates by reference its answers to paragraphs 1-20 as if fully set forth herein.
22. E.R. admits that its Complaint alleges that SAVR Spirited American Bistro has infringed upon its trademark "SAVVOR" in connection with restaurant services that is "likely to cause

and has caused confusion, mistake, or deception". E.R. lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and therefore deny them.

23. E.R. admits that that it sells "Soul Food and American Southern Cuisine…with Caribbean influence. E.R. lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore deny them.

24. E.R. does not have knowledge or information sufficient to admit or deny the allegations of this paragraph.

25. E.R. does not have knowledge or information sufficient to admit or deny the allegations of this paragraph.

26. E.R. denies the allegations contained in paragraph 26 of the Counterclaims.

27. E.R. denies the allegations contained in paragraph 27 of the Counterclaims.

28. E.R. denies the allegations contained in paragraph 28 of the Counterclaims.

29. E.R. denies the allegations contained in paragraph 29 of the Counterclaims.

## COUNTERCLAIM – COUNT II
### Unfair Competition

30. E.R. restates and incorporates by reference its answers to paragraphs 1-29 as if fully set forth herein.

31. This paragraph states conclusions of law and, therefore, no response on the part of SAVR is required. To the extent a response is required, the allegations contained in this paragraph are denied.

32. This paragraph states conclusions of law and, therefore, no response on the part of SAVR is required. To the extent a response is required, the allegations contained in this paragraph are denied.

33. E.R. denies the allegations contained in paragraph 32 of the Counterclaims.

## COUNTERCLAIM – COUNT III
### Violation of the Massachusetts Consumer Protection Act – G.L. c. 93A, § 11

34. E.R. restates and incorporates by reference its answers to paragraphs 1-33 as if fully set forth herein.
35. Admitted.
36. Paragraph 36 contains allegations to which no response is required. To the extent a response is required, The E.R. denies the allegations contained in paragraph 36 of the Counterclaims.
37. E.R. denies the allegations contained in paragraph 37 of the Counterclaims.
38. E.R. denies the allegations contained in paragraph 38 of the Counterclaims.
39. E.R. denies the allegations contained in paragraph 39 of the Counterclaims.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Complaint fails to state a claim upon which relief may be granted. The Complaint also fails to state a claim for the reasons stated in E.R.'s Complaint.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

2. SAVR's Counterclaims are barred in whole or in part by principles of equity including laches, waiver and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

3. Counterclaims are barred because they would result in unjust enrichment to SAVR.

### FOURTH AFFIRMATIVE DEFENSE
### (Lack of Damages)

4. SAVR has not suffered any damages as a result of any actions taken by E.R., and SAVR is barred from asserting any cause of action against E.R.

## FIFTH AFFIRMATIVE DEFENSE

5. SAVR has failed to mitigate its damages.

## SIXTH AFFIRMATIVE DEFENSE

6. SAVR is barred from obtaining the relief it seeks because it lacks a protectable interest in "SAVR".

## SEVENTH AFFIRMATIVE DEFENSE

7. SAVR does not own the rights that it asserts.

## EIGHTH AFFIRMATIVE DEFENSE

8. SAVR's claims are barred, in whole or in part, by the common law doctrine of prior innocent use.

## NINTH AFFIRMATIVE DEFENSE

9. E.R. denies every material allegation of the Counter Claim except as specifically admitted.

E.R. expressly reserves the right to supplement or amend this reply to SAVR's Counterclaims and add additional defenses, including affirmative defenses, which may be discovered or become relevant in the future.

## **JURY DEMAND**

Plaintiff and Defendant-in-Counterclaim E.R. hereby demands a trial by jury on all issues so triable.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 16, 2024 | **E.R. ENTERPRISES, LLC** |
|  | By its Attorney: |
|  | _____ |
|  | Chanise Anderson |
|  | BBO: 694924 |
|  | MARKSETGO LAW, P.C. |
|  | 101 Federal Street, Suite 1900 |
|  | Boston, MA 02110 |
|  | 833-627-5738 |
|  | Chanise@marksetgolaw.com |
|  | Attorney for Plaintiff, |
|  | **E.R. ENTERPRISES, LLC** |

## CERTIFICATE OF SERVICE

I, Chanise Anderson, attorney for the Plaintiff E.R. Enterprises, hereby certify that on the 16th day of July, 2024, a true copy of the foregoing was served via electronic delivery, directed to all counsel of record:

THerman@SmithDuggan.com

Vincent.depalo@smithduggan.com

/s/Chanise Anderson
Chanise Anderson
BBO: 694924
MARKSETGO LAW, P.C.
101 Federal Street, Suite 1900
Boston, MA 02110
833-627-5738
Chanise@marksetgolaw.com

Attorney for Plaintiff,
**E.R. ENTERPRISES, LLC**